IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH MAYS, ) | |
| ) | No. 15 C 1439 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KEVIN OSTAFIN, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER &
REPORT AND RECOMMENDATION**

This case is before the Court on Defendants' Motion to Compel Plaintiff to answer deposition questions or, in the alternative, Motion to Dismiss Plaintiff's complaint for failure to comply with discovery obligations [303].[1] For the reasons set forth below, the Court grants the Motion to Compel and recommends that the District Court deny the Motion to Dismiss.

## Background

Plaintiff sues Defendants under 42 U.S.C. § 1983 with claims of (1) unlawful stop; (2) illegal search; (3) false arrest & false imprisonment; (4) unreasonable seizure; (5) *Monell* liability; (6) equal protection and due process violations; and (7) a *Gerstein* violation.

The case is nearing the close of fact discovery. Defendants filed this motion after deposing Plaintiff. Defendants assert that Plaintiff refused to answer several questions during the deposition and had no legal basis for doing so. Initially, Defendants ask this Court to order

---

[1] Because this motion seeks, in part, dismissal of this case—a dispositive matter—the Court cannot fully rule on it. Thus, as to the Motion to Dismiss, the Court issues a report and recommendation to the District Court. *See* Fed. R. Civ. P. 72(b).

Plaintiff to sit for a new deposition and provide appropriate responses to Defendants' questions. Alternatively, Defendants seek dismissal of the case as a sanction for Plaintiff's conduct during the deposition.

**Discussion**

Motion to Compel

Federal Rule of Civil Procedure Rule 30 governs behavior during a deposition. Objections during examination "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "The only grounds for not answering a question at a deposition are to: (1) preserve privilege; (2) enforce a limitation ordered by the court; or (3) present a motion under Rule 30(d)(3) to terminate or limit a deposition on the ground that 'it is being conducted in bad faith or in a manner than unreasonably annoys, embarrasses, or oppresses the deponent or party.'" *Johnson v. Statewide Investigative Services, Inc.*, 2021 WL 825653 (N.D. Ill. Mar. 4, 2021) (citing, *inter alia*, Fed. R. Civ. P. 30(c)(2), 30(d)(3)(A)). If a party or deponent objects to a question for any other reason (such as relevance), the court reporter must note the objection, "but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Accordingly, under Rule 30, a party cannot refuse to answer a question for lack of relevancy. *See, e.g., Williams v. Ortiz*, 2017 WL 499996 at *7 (E.D. Wis. Feb. 7, 2017).

During Plaintiff's deposition, Defendants claim that Plaintiff failed to answer questions regarding at least the following topics: (1) where Plaintiff was prior to his arrival at the intersection where he encountered Chicago Police officers; (2) where he woke up the morning of his arrest; (3) whether he knew the other individuals who he was walking with; (4) his prior drug

use; (5) prior arrests for drug possession; (6) prior history of purchasing drugs; (7) pending appeals from his arrest; (8) if he was bonded out; (9) his employment status; (10) his income; and (11) his mental health after his arrest. In addition to relevance objections, Plaintiff invoked the attorney-client privilege, a general medical privilege, and an "asked and answered" objection as grounds for not answering certain questions. In his response brief, Plaintiff also argues that Defendants violated Rule 30(d)(3)(A) by conducting his deposition in bad faith or in a manner that was unreasonably annoying, embarrassing, and oppressive.

As a threshold matter, we generally agree with Defendants that the aforementioned topics are all relevant to the case at bar. Moreover, even if we did not find those topics relevant, the Rules of Civil Procedure are clear that deponents cannot refuse to answer a question based solely on a relevance objection. Accordingly, at his-redeposition, Plaintiff may not refuse to answer questions solely because he believes they are irrelevant to his case.

Additionally, we find Plaintiff's Rule 30(d)(3)(A) argument to be conclusory and unpersuasive. Plaintiff quotes the rule and asserts that Defendants violated it, but Plaintiff fails to provide any more detail or evidence as to how such a violation occurred. Thus, based on the record before this Court, Plaintiff's Rule 30(d)(3)(A) argument is without merit.

Having made those preliminary findings, we briefly address Plaintiff's other arguments.

### A. The "Asked and Answered" Objection

Based on excerpts of the deposition transcript, Plaintiff objected to several questions because they were "asked and answered." However, Plaintiff cites to no deposition transcript evidence that indicates he was repeatedly asked the same questions despite already having provided substantive answers. Thus, we have no reason to believe that Defendants were

purposefully making Plaintiff re-answer questions to which he had already sufficiently responded. Moreover, like relevance, Plaintiff's "asked and answered" objections do not justify a refusal to answer questions—at least without more of a connection to any Rule 30(d)(3)(A) considerations. Put simply, Plaintiff may not use this objection as a basis for not answering questions at his re-deposition.

### B. Questions Pertaining to Plaintiff's Mental Health Following His Arrest

Plaintiff also objected to answering questions related to his mental health after the arrest underlying this lawsuit. During the deposition, Plaintiff asserted that this information is privileged. Plaintiff did not specify which privilege he was invoking. Further, in his response brief, Plaintiff cites to Federal Rule of Civil Procedure 35 in support of this objection.

While the Court understands that questions about Plaintiff's mental health may seem invasive to Plaintiff, the Defendants are seeking this information to evaluate potential damages for any psychological harm Plaintiff may be claiming. Moreover, a protective order is in place that prohibits the dissemination of Plaintiff's health information for any purposes outside of this litigation. *See* ECF 297. Thus, Plaintiff has failed to demonstrate that this information is privileged or otherwise protected from disclosure in discovery. Additionally, Rule 35 is inapplicable to this motion. That rule allows for a medical examination of a party when certain conditions are met, but the rule is entirely unrelated to proper objections during a deposition. Moreover, Defendants are not seeking a Rule 35 examination of Plaintiff.

In summary, at the re-deposition, Plaintiff may not invoke Rule 35 or a broad, medical claim of privilege to avoid answering questions about his mental health after the arrest.

### C. Attorney-Client Privilege

Plaintiff invoked the attorney-client privilege to avoid answering certain questions during the deposition. Plaintiff does not address this issue in his brief, but at the deposition he implied that the attorney-client privilege attached to his own thoughts about the case since he is acting *pro se*.[2] Indeed, Plaintiff did not point to any communications he had with an attorney as a basis for invoking the privilege. Plaintiff's position is not consistent with the elements of attorney-client privilege, which are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). These elements unambiguously dispute the notion that the attorney-client privilege can apply to a *pro se* litigant's internal thoughts about their case. While the Court recognizes and appreciates Plaintiff's dual-role as a *pro se* litigant, the attorney-client privilege only applies to communications where legal advice is sought from a professional legal adviser (among other considerations). *Id.* at 1461. Based on the record before this Court, the information sought from Defendants was not subject of any communications between Plaintiff and a professional legal adviser. Thus, Plaintiff's claim of attorney-client privilege is without merit. At his re-deposition, Plaintiff may not invoke the attorney-client privilege to avoid answering questions unless the questions themselves relate to communications with a professional legal adviser. Put another way, the attorney-client communication privilege does not protect information from disclosure simply because the client repeated the information

---

[2] This privilege was invoked specifically in response to questions about how Plaintiff obtained knowledge about certain individual defendants in the case, and why Plaintiff believed police reports had been fabricated.

to his attorney. The privilege protects the communications between the client and his attorney but does not protect information that the client provided to his attorney.[3]

### D. Deposition Records and Outstanding Discovery

Lastly, Plaintiff makes certain procedural arguments in his brief regarding information he is purportedly entitled to but has not received. First, Plaintiff argues that he is entitled to a copy of the deposition transcript (and a copy of the recording) pursuant to Federal Rules of Civil Procedure 30(e)(1)(A)-(B), and 30(e)(2). However, those rules do not require that Plaintiff receive a copy of the deposition transcript or recording as a matter of course. Rather, Rule 30(f)(3) mandates that the court reporter furnish a copy of the transcript or recording to any party or the deponent following *payment of a reasonable fee*. Plaintiff does not claim that he paid such a fee. Thus, Plaintiff has not demonstrated that he was improperly denied access to the deposition transcript and/or recording. Moreover, it is unclear how Plaintiff's access to a full copy of the transcript or recording would alter any of the Court's findings herein.[4]

Plaintiff also complains about certain outstanding discovery responses from Defendants. However, it is again unclear how this outstanding discovery relates in any way to Plaintiff's deposition. Accordingly, Plaintiff's arguments regarding his lack of access to certain documents do nothing to justify his conduct during the deposition. However, if Plaintiff believes that

---

[3] Additionally, "[c]ommunications from an attorney to a client are privileged if the statements reveal, directly or indirectly, the substance of a confidential communication by the client." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 453 (N.D. Ill. Apr. 20, 2006) (internal citation omitted). The party seeking to assert the privilege must show that the particular communication was part of a request for legal advice and was related to the acquisition or rendition of professional legal services. *Id*. Further, it must be shown that the communication was intended to be kept confidential. *Id*.

[4] Plaintiff argues that it was unfair for Defendants to "cherry pick" portions of the deposition that support their arguments without providing the full context of the transcript. However, Defendants are entitled to produce relevant testimony that supports their positions without having to produce the entire transcript. Plaintiff's citation to Federal Rule of Civil Procedure 32(a)(6), relating to a party's introduction of certain deposition testimony that may require—in fairness—introduction of other testimony, is unavailing. Plaintiff has not detailed why a review of the full transcript is necessary in light of Defendants' production. Thus, Rule 32(a)(6) does not apply here.

Defendants are improperly withholding information pursuant to Plaintiff's discovery requests, Plaintiff may raise this issue at the upcoming status hearing or by filing a motion.

## Motion to Dismiss

In the alternative to their motion to compel, Defendants move for dismissal of the case under Federal Rule of Civil Procedure 41(b). That rule allows for dismissal of an action when the plaintiff fails to comply with the Rules of Civil Procedure or a court order. Here, Defendants argue that Plaintiff's refusal to fully answer questions during his deposition violated the Rules of Civil Procedure and, therefore, dismissal is warranted.

District courts have broad authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Sanctions issued under the Court's inherent powers are justified if the offender willfully abuses the judicial process or litigates in bad faith. *See Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018). Sanctions, including dismissal, must be proportionate to the circumstances. *See Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017). *Pro se* litigants are entitled to a certain amount of assistance and understanding from courts. *See Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir.1987); *Miller v. Marshall*, 457 B.R. 684, 690-91 (N.D. Ill. 2011).

In this case, the Court does not find that dismissal is an appropriate sanction for Plaintiff's conduct during the deposition. First, Plaintiff has not received any prior sanctions for discovery-related conduct, nor have we previously warned Plaintiff that sanctions—including

dismissal—may result from non-compliance with the Rules of Civil Procedure or court orders. Relatedly, we do not find that dismissal is proportionate to the conduct at issue. Plaintiff improperly refused to answer questions at his deposition, but Defendants do not argue that Plaintiff acted in bad faith or willfully abused the judicial process. Indeed, Plaintiff is *pro se*, and it certainly cannot be expected that he has fulsome knowledge of all the nuances of the Rules of Civil Procedure, including the grounds for proper objections during depositions.

Nonetheless, Plaintiff is now expressly placed on notice that any further non-compliance with the Rules of Civil Procedure or court orders may result in sanctions up to and including dismissal of this case, with prejudice.[5] Indeed, Plaintiff is warned that continued failure to comply with court orders or discovery obligations can result in sanctions. Rule 37(b)(1) provides that a deponent who is ordered by the court to answer questions and still refuses to do so may be held in contempt. Fed. R. Civ. P. 37(b)(1). Additionally, Rule 37(b)(2) provides that a party who fails to obey an order or permit discovery may incur sanctions from the court, including dismissal of the entire action. Fed. R. Civ. P. 37(b)(2)(A)(v). The Seventh Circuit has instructed that district courts should (but not must) warn litigants of possible sanctions if the party's misconduct continues. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011). This Order serves as such a warning to plaintiff.[6] Stated more plainly, Plaintiff must comply with this Court order as to his obligations to answer questions during his re-deposition. Further, Plaintiff must conduct himself in good faith and comply with the Rules of Civil Procedure and

---

[5] Defendants solely seek dismissal as a sanction. Thus, because Defendants do not seek any lesser sanctions for Plaintiff's conduct, and because of the mitigating factors already mentioned, we do not analyze whether any lesser sanctions may be appropriate.

[6] Of course, upon review, the District Court may see Plaintiff's conduct in a more favorable light and conclude that no warning is appropriate as no sanctionable discovery violation occurred.

other court orders. If Plaintiff fails to meet these requirements, the Court may render sanctions against him, up to and including dismissal of this lawsuit.

Therefore, the Court does not find that dismissal of the case is appropriate and recommends that the District Court deny Defendants' Motion to Dismiss.

## Conclusion

For the above reasons, the Court grants Defendants' Motion to Compel Plaintiff to answer deposition questions and recommends that the District Court deny Defendant's Motion to Dismiss. Plaintiff must sit for a second deposition and answer questions in accordance with this Order. Plaintiff's re-deposition must be completed by August 11, 2023.

**SO ORDERED.**  ENTERED: **July 25, 2023**

**M. David Weisman**
**United States Magistrate Judge**